J-S63044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
             :      PENNSYLVANIA
      Appellee     :
             :
      v.        :
             :
JAMES A. DAVIS,      :
             :
      Appellant     :     No. 1305 EDA 2015

Appeal from the Judgment of Sentence entered on April 2, 2015
in the Court of Common Pleas of Wayne County,
Criminal Division, No. CP-64-CR-0000430-2014

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:      **FILED DECEMBER 07, 2015**

James A. Davis ("Davis") appeals from the judgment of sentence imposed following his guilty plea to receiving stolen property. *See* 18 Pa.C.S.A. § 3925(a). Additionally, Richard B. Henry, Esquire ("Henry"), Davis's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Henry's Petition to Withdraw and affirm Davis's judgment of sentence.

On January 29, 2015, Davis entered an open guilty plea to receiving stolen property. Davis admitted that he intentionally received, retained or disposed of a laptop computer, a Sony PlayStation 3, a digital camera, and jewelry. On April 2, 2015, the trial court sentenced Davis to four months to twenty-three and one-half months in prison, with credit for time served.

Davis filed a timely Notice of Appeal. The trial court ordered Davis to file a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. In response to the Order, Henry filed a Notice of intent to file an **Anders** brief, and the trial court issued an Opinion.

On appeal, Henry has filed an **Anders** Brief raising the following question: "Did the Trial Court err in sentencing [Davis] within the standard sentencing guidelines?" **Anders** Brief at 1. Henry filed a separate Petition to Withdraw with this Court on July 31, 2015. Davis filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

We must first determine whether Henry has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006).

Here, Henry has complied with each of the requirements of *Anders* and *Santiago*. Henry indicates that he has conscientiously examined the record, case law, and statutes, and determined that an appeal would be frivolous. Further, Henry's brief meets the standards set forth in *Santiago* by providing a factual summation of Davis's case, with support for his conclusion that the appeal is frivolous. Henry indicates that he is thoroughly familiar with the case, having represented Davis from trial to sentencing. Finally, Henry provided a copy of his letter to Davis, informing him of his intention to withdraw as counsel and advising him of his right to retain new

- 3 -

counsel, proceed *pro se*, and file additional claims. Because Henry has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Davis's appeal is, in fact, wholly frivolous.

Davis challenges the discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, Davis filed a timely Notice of Appeal. However, he did not raise his sentencing claim in a post-sentence motion or at sentencing. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing [] operates to waive issues relating to the discretionary aspects

---

[1] Davis entered an open guilty plea, so his plea did not preclude a challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

of sentencing"); *see also Commonwealth v. Williams*, 787 A.2d 1085, 1088 (Pa. Super. 2001) (stating that claims challenging discretionary aspects of sentencing are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence through a post-sentence motion or an objection at sentencing). Further, while a Rule 2119(f) Statement has been included in the brief, Davis fails to raise a substantial question. *See Anders* Brief at 7 (wherein "Davis argues that the trial court abused its discretion by imposing the sentence given in this matter"); *see also Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (stating that "to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Pennsylvania Sentencing Code or contrary to the fundamental norms underlying the sentencing process."). Regardless of these defects, *Anders* requires that we examine the merits of Davis's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an *Anders* brief must be addressed on appeal, despite procedural violations).

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An

- 5 -

abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citation omitted).

Davis asserts that the trial court abused its discretion by imposing the sentence. **Anders** Brief at 9.

At sentencing, the trial court considered a letter from the victim. N.T., 4/2/15, at 5. Additionally, the trial court had the benefit of a pre-sentence investigation report.[2] **See id.** at 2-8; **see also Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). The record indicated that Davis had been arrested twice for DUI since October 2014, had three prior convictions, and had three outstanding bench warrants. N.T., 4/2/15, at 7-8. Further, the trial court considered the sentencing guidelines. **Id.** at 5-6; **see also Anders** Brief at 10. (stating that Davis carried a prior record score of 1 and pled guilty to receiving stolen property, which has an offense gravity score of 3).

---

[2] Davis did not show up for the pre-sentence investigation interview, and, therefore, the report reflected what was of record. N.T., 4/2/15, at 5-8.

In imposing the sentence, the trial court considered the pre-sentence investigation report, the sentencing guidelines, the recommendation to the court, and the victim's statements. N.T., 4/2/15, at 2-8; *see also Downing*, 990 A.2d at 794. Further, Davis's sentence of four to twenty-three and one-half months in prison was well within the standard range. *See* 18 Pa.C.S.A. § 1104(1);[3] *see also Anders* Brief at 11 (stating that the sentencing judge showed no prejudice or ill-will, but rather partiality in favor of Davis, by granting him a sentence of two months less than recommended by the prosecution and requested by him). Accordingly, the trial court did not abuse its discretion in imposing the sentence.

Additionally, our independent review of the record indicates that there are no other claims that arguably support the appeal. *See Anders*, 386 U.S. at 744-45. Based upon the foregoing, Davis's appeal is wholly frivolous, and Henry is entitled to withdraw as counsel.

Petition to Withdraw as counsel granted. Judgment of sentence affirmed.

Donohue, J., joins the memorandum.

Mundy, J., concurs in the result.

---

[3] Receiving stolen property is punishable by a maximum sentence of five years imprisonment. 18 Pa.C.S.A. § 1104(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015