663 A.2d 229

COMMONWEALTH of Pennsylvania

v.

Robert BYRD, Appellant (at 3592).

COMMONWEALTH of Pennsylvania

v.

Shawn BENDER, Appellant (at 3836).

Superior Court of Pennsylvania.

Submitted May 22, 1995.

Filed Aug. 10, 1995.

---

John W. Packel, Asst. Public Defender, Philadelphia, for appellants.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BECK, KELLY and FORD ELLIOTT, JJ.

BECK, Judge.

In these consolidated appeals we determine whether, upon sentencing a defendant following revocation of probation, a trial court is limited to sentencing that defendant to a period of incarceration that is less than or equal to the previously imposed period of probation. We find that no such limitation exists. We therefore affirm.

Robert Byrd pled *nolo contendere* to possession of cocaine with intent to deliver,[1] possession of cocaine,[2] and conspiracy.[3] Byrd was granted a section 17 disposition pursuant to 35 P.S. § 780–117 and was sentenced to probation without verdict for a period of three years. Byrd subsequently violated the terms of his probation. Following a hearing his section 17 probation was revoked and he was sentenced to ten to twenty three months' incarceration to be followed by a two year period of probation. While in this second period of probation Byrd was arrested for various drug and firearm offenses and for otherwise violating the terms of his probation. After a hearing Byrd's second probation was revoked and he was sentenced to two to seven years' imprisonment.

Shawn Bender pled *nolo contendere* to one count of possession of cocaine with intent to deliver.[4] Bender was granted a section 17 disposition pursuant to 35 P.S. § 780–117 and was sentenced to probation without verdict for a period of two years. During his period of probation, Bender was arrested and convicted on unrelated drug charges. Following a hear-

1. 35 P.S. § 780–113(a)(30).
2. 35 P.S. § 780–113(a)(16).
3. 18 Pa.C.S.A. § 903.
4. 35 P.S. § 780–113(a)(30).

ing Bender's section 17 probation was revoked and the trial court sentenced him to three to six years' imprisonment.

■ Both appellants now challenge the legality of their sentences, arguing that under this court's opinion in *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), a sentencing court cannot impose a term of imprisonment greater than the term of probation that was revoked. As both appellants raise identical questions for our review, we have consolidated these appeals for disposition. Pa.R.App.P. 513.[5]

■ Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218 (1982); *Anderson*, 434 Pa.Super. at 317, 643 A.2d at 113; *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263 (1986), *appeal denied*, 515 Pa. 599, 528 A.2d 956 (1987). Additionally, "the setting of the term of probation is not a term of sentence, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum penalty fixed by law for the particular offense." *Commonwealth v. White*, 264 Pa.Super. 495, 400 A.2d 194 (1979) (en banc) (quoting *Commonwealth v. Cole*, 222 Pa.Super. 229, 294 A.2d 824 (1972)); *see also Commonwealth v. Fleeger*, 292 Pa.Super. 310, 437 A.2d 60 (1981) (violation of probation may result in more severe sentence).

The question is whether *Anderson* changed the law and limited the trial court's power to sentence after revocation of probation. We find that in the absence of circumstances unique to *Anderson*, no such limitation was imposed on the sentencing judge. In *Anderson*, the defendant pled guilty to two counts of burglary and was sentenced to a period of

5. Our scope of review in an appeal from the judgment of sentence entered following a probation revocation is limited to determining the validity of the revocation proceedings and the legality of the final judgment of sentence. *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975); *Anderson*, 434 Pa.Super. at 312, 643 A.2d at 111. In the instant cases, neither appellant takes issue with the revocation proceedings. They challenge only the legality of their sentences based solely on this court's opinion in *Anderson, supra*.

incarceration to be followed by a five year period of probation. Two months later, the defendant entered a negotiated guilty plea to one count of theft by unlawful taking or disposition, and one count of receiving stolen property. Pursuant to the negotiated plea agreement, the court sentenced the defendant to five years' probation to run concurrently with the defendant's sentence for the burglary convictions. The defendant subsequently violated the terms of her probation and, following a hearing, the trial court revoked the probation and imposed a sentence of two to five years' incarceration for the burglary convictions and two to four years' incarceration for the theft convictions. Contrary to the express terms of the negotiated plea agreement, the sentencing court ordered that the sentences run consecutively rather than concurrently, thereby substantially increasing the defendant's term of incarceration.

A panel of this court held that where a trial court accepts and enforces a negotiated plea bargain in which the parties agree that the sentences shall run concurrently, the court, upon resentencing following probation revocation, may not alter the terms of the agreement by sentencing the defendant to consecutive rather than concurrent prison sentences. This is so because "by accepting the plea agreement, which included a negotiated sentence, the trial court, in effect, circumscribed its sentencing alternatives, the parameters of which were described in the plea agreement." *Anderson*, 434 Pa.Super. at 316, 643 A.2d at 113. Therefore, because the sentencing court limited the sentencing alternatives available to it at the time of initial sentencing, it was bound by the same restrictions upon resentencing following revocation of probation.

■ The holding in *Anderson* is not applicable to the instant case. Neither appellant entered his plea pursuant to a negotiated plea agreement, nor was the sentencing court's discretion otherwise limited. Neither appellant suggests that the sentences at issue would have been unavailable to the court at the initial sentencing, and the sentences in fact fall

well within the statutory limitations for the crimes charged.[6] The sentencing court was fully within its authority in imposing the judgments of sentence at issue in these cases and we reject an interpretation of *Anderson* that would hold otherwise.

Judgments of sentence affirmed.

---

**6.** Possession of cocaine with intent to deliver carries a statutory maximum penalty of 10 years' imprisonment and a fine of $100,000. 35 P.S. § 780–113(a)(30), (f)(1.1).