## Commonwealth v. Moore

*Brian R. Sinnett,* for Commonwealth.
*Kristin L. Rice,* for defendant.

GEORGE, *J.,* March 27, 2008—The defendant, Kilian O. Moore, challenges his sentence upon re-sentencing following his acknowledgment of violating the conditions of his sentence of intermediate punishment. For the reasons set forth below, affirmance of sentence is requested.

Moore was originally convicted of two counts of delivery of a controlled substance as ungraded felonies[1] as

---

1. 35 Pa.C.S. §113(a)(30).

a result of guilty pleas entered on July 1, 2005.[2] Moore's original guilty plea was entered without any agreement, however, at the time of sentencing, the parties presented agreed upon sentences to the court for acceptance. The agreement, which was accepted by the court, called for Moore to be sentenced to concurrent sentences of 36 months of intermediate punishment with six months on Phase I (partial confinement), six months on Phase II (house arrest), and the remaining time spent on Phases III through V (probationary phases). Within a month following Moore's sentencing on November 28, 2005, the Commonwealth filed a petition to revoke his participation in the intermediate punishment program alleging violations of the conditions of his sentences. At the time of revocation hearing on January 10, 2006, the Commonwealth withdrew their petition for revocation subject to Moore's agreement to an increase in the conditions of his sentences of intermediate punishment. Once again, the agreement entered between the parties was accepted by the court.

On January 29, 2007, the Commonwealth filed a second petition to revoke Moore's participation in the intermediate punishment program on the basis that Moore had been charged with new criminal offenses. The underlying criminal charges were resolved on November 19, 2007 when Moore pled guilty before the York County Court of Common Pleas to the crime of sexual assault. On January 8, 2008, Moore appeared before this court and acknowledged the York County conviction. Following acknowledgment, this court sentenced Moore to serve

---

2. Moore's pleas were to Count one in each of the above-captioned matters.

concurrent sentences of no less than two and one-half years nor more than five years in a state correctional institution. The sentences were directed to be consecutive to Moore's sentence from his York County conviction. Following this court's denial of his motion for modification of sentence, Moore has filed appeal asserting that the sentences imposed by the court were excessive and therefore an abuse of discretion.

Initially, it is noted that Moore is not entitled to an automatic review of the discretionary aspects of his sentence. Rather, he must satisfy procedural requirements by setting forth a brief statement of the reasons relied on for allowance of appeal. Pa.R.A.P. 2119(f). In addition, he must show that there is a substantial question that his sentence is not appropriate under the Sentencing Code. 42 Pa.C.S. §9781(b); *Commonwealth v. Urrutia,* 439 Pa. Super. 227, 236, 653 A.2d 706, 710 (1995). Moore's claim that consecutive sentences are too harsh is little more than a bald claim of excessiveness and is not a substantial question entitled to appellate review. *Commonwealth v. Wright,* 832 A.2d 1104, 1107 (Pa. Super. 2003). More directly, a question of whether a sentence should be concurrent or consecutive does not present a substantial question justifying review. *Commonwealth v. W.H.M. Jr.,* 932 A.2d 155, 164 (Pa. Super. 2007). However, if the court were to conclude that the claim does raise a substantial question, the sentence is still appropriate.

Pennsylvania law provides trial courts with broad discretion in sentencing criminal defendants "because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense

based upon an evaluation of the individual circumstances before it." *Commonwealth v. Ward,* 524 Pa. 48, 52, 568 A.2d 1242, 1243 (1990). That discretion, however, is not without its limitations. The Pennsylvania Supreme Court, in *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002) instructed:

"[A] trial court must 'follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" *Id.* at 424, 812 A.2d at 620. (footnote omitted)

A trial court will have only been found to abuse its discretion if "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999).

When re-sentencing an offender following a revocation, the Court of Common Pleas has available the entire gamut of sentencing alternatives that were available at the time of the offender's initial sentencing. *Commonwealth v. Coolbaugh,* 770 A.2d 788, 792 (Pa. Super. 2001). In setting the term of a sentence of imprisonment following revocation, the initial sentence does not limit the sentencing court's discretion to impose a sentence of imprisonment greater than the maximum sentence imposed at the time of original sentencing provided that the maximum sentence does not exceed the maximum penalty fixed by statute. *Commonwealth v. Byrd,* 444 Pa. Super. 86, 89, 663 A.2d 229, 231-32 (1995). Moreover,

the Supreme Court has clearly held that the revocation court's ability to re-sentence to consecutive or concurrent sentences is not limited in any way by the structure of any plea agreement entered at the time of original sentencing. *Commonwealth v. Wallace,* 582 Pa. 234, 241-42, 870 A.2d 838, 842-43 (2005).

In imposing sentence, the sentencing judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed. *Commonwealth v. Rickabaugh,* 706 A.2d 826, 847 (Pa. Super. 1997). The determination whether to impose consecutive or concurrent sentence is within the sound discretion of the sentencing judge and will not be disturbed absent the showing of abuse of discretion. *Id.* Although Moore suggests that the sentences were excessive since they were ordered to be served consecutively to his sentence in York County, the instant record fails to reveal an abuse of discretion.

Moore's original sentencing scheme placed him in a restrictive setting for one year while under supervision of the court for a total of three years. While serving that sentence, Moore committed a personal injury crime in another jurisdiction. His subsequent criminal act in York County was justifiably followed by the imposition of sentence. Importantly, his criminal act, while under supervision, also evidenced his inability to comply with a sentencing structure imposed as a result of his original criminal conduct in this jurisdiction. As it is two separate criminal conducts which are the subject of the respective sentencings, imposition of separate criminal penalty is appropriate. Moore's expectation of bargain discount

based upon volume may be appropriate at a shopping mall, however, finds no support in the law of this Commonwealth. This court's holding that Moore's separate criminal conduct deserves separate penalty is not an abuse of discretion. In fact, to the contrary, this court exercised restraint in imposing concurrent, rather than consecutive, sentences following revocation in the two separate matters before this court. For the foregoing reasons, it is respectfully requested that Moore's sentences be affirmed.