J-S60026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSIE KIRCHNER | |
| Appellant | No. 1648 EDA 2015 |

Appeal from the Judgment of Sentence May 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005550-2014

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 25, 2016**

Jessie Kirchner appeals from the judgment of sentence imposed on May 1, 2015, in the Court of Common Pleas of Philadelphia County, following the revocation of Kirchner's parole and probation at docket number CP-51-CR-0005550-2014. In this timely appeal, Kirchner raises two issues. He claims, first, the sentence of three to six years' incarceration is manifestly excessive, and second, the sentence is illegal because the original sentence on the burglary/theft charges of 11½ to 23 months' imprisonment, with immediate parole, had no associated term of probation. Although the trial court asserts Kirchner was properly sentenced for a probation violation, the Commonwealth has filed a brief agreeing with Kirchner that his sentence is

_____

[*] Retired Senior Judge assigned to the Superior Court.

illegal. After a thorough review of the submissions by the parties, the certified record and relevant law, we vacate the sentence and remand to the trial court for resentencing.

Because we agree with Kirchner that his sentence is illegal, we need not address his claim challenging the discretionary aspects of his sentence. Our scope and standard of review for a claim of an illegal sentence are as follows:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Martinez*, 141 A.3d 485, 487 (Pa. Super. 2016) (citation omitted).

Further,

> 'Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing.' *Commonwealth v. Byrd*, 444 Pa.Super. 86, 663 A.2d 229, 231 (1995), *citing* 42 Pa.C.S. § 9771.
> …
> On the other hand, "a parole revocation does not involve the imposition of a new sentence." *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008) (*citing Commonwealth v. Mitchell*, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993)). "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled." *Id.* (internal citations and footnote omitted); *see also Commonwealth v. Galletta*, 864 A.2d 532, 538 (Pa. Super. 2004) (finding that in a violation of parole, the court is not free to impose a new sentence); *Commonwealth v. Ware*,

737 A.2d 251, 253 (Pa. Super. 1999) (holding that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

***Commonwealth v. Melius***, 100 A.3d 682, 686 (Pa. Super. 2014).

Our review[1] reveals that on October 24, 2014, Kirchner entered into an open plea at docket numbers CP-51-CR-0005550-2014 (hereinafter 5550-2014), CP-51-CR-0005551-2014 (hereinafter 5551-2014), and CP-51-CR-0005552-2014 (hereinafter 5552-2014).[2, 3]  Relevant to this appeal, on December 29, 2014, at docket number 5550-2014, Kirchner was sentenced to concurrent terms of 11½ to 23 months' incarceration for burglary and theft.  He was also sentenced to two years of probation on the charge of possession of an instrument of crime and one year of probation on the charge of criminal mischief.  The probationary sentences were concurrent with each other and consecutive to the sentences for burglary/theft.

---

[1] The certified record in this matter is from the violation of parole/probation aspect of Kirchner's case and includes virtually no documents from the initial file that concluded with Kirchner's guilty plea and sentencing.

[2] Although docket number 5550-2014 and 5552-2014 were before the court at the May 1, 2015 parole/probation violation hearing, only the sentence at docket number 5550-2014 was appealed and is currently under our consideration.

[3] From reading the affidavit of probable cause, it appears that Kirchner, on consecutive days, broke into Richmond Hall and stole items.  This would be the facts of dockets 5550-2014 and 5552-2014.  Kirchner reportedly assaulted his roommate with a cane.  This appears to be the facts of the charges at docket number 5551-2014.  There is no indication that the charges were consolidated or that the charges were alleged to be part of the same criminal episode.

Additionally, the trial court immediately paroled Kirchner on the burglary/theft charges to "Self Help." Although, Kirchner's aggregate sentence at docket 5550-2014 was 11½ to 23 months of incarceration, followed by two years of probation, no sentence of probation was directly associated with the burglary/theft charges.[4]

On January 28, 2015, Kirchner was accepted into the Self Help program. He tested positive for heroin use in March, 2015. Approximately two weeks later, on April 7, 2015, Kirchner left the program against staff advice and he was subsequently terminated from the program. On April 15, 2015, Kirchner was arrested as an absconder.

On May 1, 2015, a Gagnon II hearing was held relevant to docket numbers 5550-2014 and 5552-2014. At the hearing, the following exchange took place:

> [ADA]: He's currently on parole. I'm asking you to find him in anticipatory breach of his probation. He's got - it was 11 and a half to 23 is what he was sentenced to. I think that's set to expire – because you gave him credit for time served.[5]

_____

[4] The relevant docket entries from 12/29/2014, for original sentencing show: Burglary, 18 Pa.C.S. § 3502(a)(4) 11½ - 23 months [Kirchner] immediately paroled to FIR program Self Help; Criminal Trespass, 18 Pa.C.S. § 3503(a)(1)(ii), merged; Theft by Unlawful Taking, 18 Pa.C.S. § 3921(a); 11½ - 23 months; Receiving Stolen Property, 18 Pa.C.S. § 3925(a), merged; Possession of an Instrument of Crime, 18 Pa.C.S. § 907(a), probation 2 years; and Criminal Mischief, 18 Pa.C.S. § 3304(a)(2), probation 1 year.

[5] The certified record does not reveal the actual date Kirchner's parole was set to expire.

THE COURT: I gave him immediate parole to treatment.

[ADA]: And you gave him immediate parole to treatment. It's set to expire – the parole is set to expire – do the math[.]

THE COURT: But if I violate him on the parole, I can go back to the sentencing guidelines; correct?

[ADA]: If you violate him on parole … you can sentence him to his backtime. If you anticipatorily violate him on his probation, you can sentence him to whatever you want.

THE COURT: Let me see counsel in the back.

THE CRIER: Ready for him?

THE COURT: All right. I've had some discussions with counsel. Sir, I'm going to find you in anticipatory breach of your probation, which is under my purview, and I'm going to sentence you to three to six years in state prison followed by three years reporting probation. And when you're in, I want mandatory drug treatment and counseling for you because if you don't get it out of the way from where you're used to being, you're never going to get clean. That's my sentence.

[DEFENSE COUNSEL]: Your Honor, I just ask if Your Honor would consider him being Boot Camp eligible, triple R-I eligible, and consider a stipulation to SCI Chester.

[ADA]: I don't have a problem with SCI Chester. I don't think he's triple R-I eligible because of his prior convictions, one of them being simple assault and PIC. I don't know about Boot Camp.

THE COURT: Well, file something with me after you find out whether he is for those – those things, and then I'll consider it at that time.

[DEFENSE COUNSEL]: Okay. Thank you.

THE CLERK: So how are you fashioning the sentence?

THE COURT: On No. 13,[6] it's three to six years.

THE CLERK: Yeah. Okay. But is that on all of the felonies? How do you want it, Judge?

[ADA]: I would ask Your Honor that you put the three to six years on the burglary. And then for the other charges, I guess it's just parole to continue.

THE COURT: No.

[DEFENSE COUNSEL]: No further penalty on –

THE COURT: Yeah. We can – yeah. Three to six years I'll put on the burglary; and the 2 through 6 on case No. 13[7] will be no further penalty. And then on 14, the burglary will be three years reporting probation to start after he gets out. And then no further penalty on the remaining charges.

N.T. Gagnon II Hearing, 5/1/2015, at 10-12.

Both Kirchner and the Commonwealth acknowledge that Kirchner's original sentence for burglary on docket number 5550-2014 was for 11½ to 23 months' incarceration, with immediate parole to treatment with no accompanying sentence of probation on that charge. Our review of the certified record before us confirms that fact. Because Kirchner was on parole for that sentence and there was no associated sentence of probation, "the only option for a court that decides to revoke parole is to recommit the

---

[6] At the beginning of the hearing, the Crier states on the record: "This is No. 13 and 14, Jessie Kirchner, CP-5550 and 5552-2014." Accordingly, "No. 13" references 5550-2014.

[7] This references the remaining counts on docket number 5550-2014.

defendant to serve the already-imposed, original sentence." **Melius**, **supra**, at 686. The trial court had no authority to impose a new sentence on that charge. Accordingly, that sentence is illegal and must be vacated. Because vacating the revocation sentence for burglary clearly upsets the entire revocation sentencing scheme for docket number 5550-2014, we vacate the entire revocation sentence at that docket number and remand for resentencing. **See Commonwealth v. Brown**, 26 A.3d 485, 510 (Pa. Super. 2011) ("[W]here this Court vacates a conviction in a multiple count appeal, and vacating the conviction upsets the trial court's overall sentencing scheme, this Court must remand for re-sentencing because sentencing lies within the sole discretion of the trial court.").[8]

_____

[8] In its appellee's brief, the Commonwealth suggests the trial court can resentence on the revocation sentence at docket number 5552-2014 as well. From the trial court opinion, it appears the original sentence on 5552-2014 was identical to that sentence imposed on 5550-2014 and the two were to be served concurrently. **See** Trial Court Opinion, 9/15/2015, at 2, n.2. However, as previously noted, there is nothing in the certified record to indicate the docket numbers were consolidated or that the sentences on each docket number were dependent upon each other. No appeal has been filed regarding docket number 5552-2014. Therefore, that sentence is not before us and we have no jurisdiction to vacate that sentence. **See** Pa.R.A.P. 341, comment (requiring separate appeals for separate docket numbers).

The trial court also noted, in footnote 3 of the September 15, 2015 opinion, that on May 1, 2015, Kirchner was determined to be in violation of his probationary sentence on docket number 5551-2014. Other than in the trial court's opinion, the certified record before us does not refer to that docket number. No appeal has been filed at that docket number. Therefore, that sentence is not before this Court.

*(Footnote Continued Next Page)*

Judgment of sentence vacated. This matter is remanded for resentencing on docket number CP-51-CR-0005550-2014. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016

_(Footnote Continued)_ ───────────

The trial court has filed a supplemental opinion asserting it had the authority to impose the three to six year sentence as Kirchner had violated his probation. As we have explained, Kirchner only violated probation regarding the sentences originally imposed on the charges of PIC and criminal mischief. For those two charges, upon resentencing, the trial court is free to consider any sentence alternative it possessed at the time of the original sentencing. **See** 42 Pa.C.S. § 9771(b).