J-S80008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM RAYMOND ROBERTS JR. | |
| Appellant | No. 528 MDA 2016 |

Appeal from the Judgment of Sentence March 24, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005562-2013

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED JANUARY 10, 2017**

Williams Raymond Roberts, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following revocation of his probation.  Roberts' counsel has filed an application to withdraw and an ***Anders***/***Santiago*** brief.[1]  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

Roberts was charged with arson endangering persons,[2] risking catastrophe,[3] and disorderly conduct[4] in November 2013.  One month later,

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v.Santiago***, 978 A.2d 349, 361 (Pa. 2009).

[2] 18 Pa.C.S.A. § 3301(a)(1)(i).

[3] 18 Pa.C.S.A. § 3302(b).

[4] 18 Pa.C.S.A. § 5503(a)(1).

he was charged with one count each of possession of drug paraphernalia[5] and harassment.[6] The court consolidated the cases and, pursuant to a negotiated plea agreement, Roberts pled guilty to one count of arson (amended to 18 Pa.C.S.A. § 3301(d)(2) (reckless burning or exploding)), and one count of possession of drug paraphernalia. The court sentenced Roberts to one to two years' incarceration followed by three years' probation.

Roberts violated his probation and, following **Gagnon I** and **Gagnon II** hearings,[7] the court sentenced Roberts to six months to five years' incarceration. Roberts filed a post-sentence motion, which the court denied.

On March 31, 2016, Roberts filed a notice of appeal and the trial court directed counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 26, 2016, in lieu of a Rule 1925(b) statement, Roberts' counsel filed a statement of his intent to file an **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4).

Counsel has filed an **Anders**/**Santiago** brief with this Court, in which counsel asserts that Roberts has no non-frivolous issues to pursue on

---

[5] 35 P.S. § 780-113(a)(32).

[6] 18 Pa.C.S.A. § 2709(a)(3).

[7] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

appeal. On August 2, 2016, counsel filed a corresponding application to withdraw as counsel.

Our Supreme Court recently set forth the requirements for counsel's brief when seeking to withdraw:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel is required to provide a copy of the *Anders* brief to Roberts, and advise him by letter of his right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that he deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

After our review, we find counsel has substantially complied with these requirements. *See Anders* Brief, at 7-14; Application to Withdraw as Counsel, 8/2/16, at ¶¶ 5-6. The brief includes a summary of the history of the case. *See Anders* Brief at 7-10. Counsel has identified the only issue

that counsel believes could be raised, legality of sentence, and has discussed why that issue is frivolous. *Id*. at 12-14. Counsel also has provided a copy of the brief and a letter to Roberts that advised him that he could obtain new counsel, proceed *pro se*, or raise additional issues with this Court. Letter, 7/28/16. Counsel attached the letter to the application to withdraw.

After our review of the **Anders**/**Santiago** brief and counsel's application to withdraw, we conclude that counsel has complied substantially with **Santiago**. We now review the record to determine whether the case is wholly frivolous. **Santiago**, 978 A.2d at 354.

The only issue of arguable merit that counsel identifies is the legality of Roberts' sentence. Here, the court's imposition of sentence following revocation, 6 months to 5 years, exceeds the original term of probation. Counsel notes that Roberts has correctly identified case law that holds that "any sentence imposed after probation revocation must not exceed the maximum sentence originally imposed." **See Commonwealth v. Anderson**, 643 A.2d 109 (Pa. Super. 1994). However, as counsel correctly points out, that case was abrogated by **Commonwealth v. Wallace**, 870 A.2d 838 (Pa. 2005).

In **Wallace**, our Supreme Court emphasized that upon revocation of probation, the sentencing alternatives available to the court "shall be same as were *available at the time of initial sentencing.*" **Id.** at 842, quoting **Commonwealth v. Pierce**, 441 A.2d 1218, 1219 (Pa. 1982) (emphasis in original).

- 4 -

As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that **at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor**.

*Id.* at 842-43 (emphasis added).

Following the clear language of section 9771(b) and the rationale of *Wallace*, as well as various Superior Court cases subsequent to *Anderson* that declined to follow *Anderson*,[8] we agree that Roberts' challenge to the

_____

[8] **See**, **e.g.**, **Commonwealth v. Smith**, 669 A.2d 1008 (Pa. Super. 1996) (holding **Anderson** incorrectly held that trial court, upon resentencing, was limited to maximum term contemplated in guilty plea and explicitly stating that under Supreme Court's holding in **Pierce**, trial court has same sentencing options available to it upon resentencing as it did at time of initial sentencing); **Commonwealth v. Adebaike**, 846 A.2d 759, 761 Pa. Super. 2004) (stating that "[t]he Commonwealth and trial court here are not the only critics of **Anderson** on record" but following **Anderson** for its holding on concurrent/consecutive sentences); **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000) ("[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001) (quoting language in **Fish** as "the law applicable to revocation proceedings"); **Commonwealth v. Byrd**, 663 A.2d 229, 231 (Pa. Super. 1995) ("The question is whether **Anderson** changed the law and limited the trial court's power to sentence after revocation of probation. We find that in the absence of circumstances unique to **Anderson**, no such limitation was imposed on the sentencing judge."). As the Supreme Court in **Wallace** noted, "Indeed, it is these decisions that have properly interpreted the governing law and which should have been followed by the Superior Court below. **Wallace**, 870 A.2d at 844.

- 5 -

legality of his sentence is wholly frivolous. Further, our independent review of the record reveals no other non-frivolous claims that could have been raised. Therefore, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017