J-S95042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LEVELLE PAULLMAN, | : | |
| | : | |
| Appellant | : | No. 464 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0000339-2014
CP-51-CR-0001024-2012

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 11, 2017**

Levelle Paullman ("Paullman") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Victor Rauch, Esquire ("Counsel"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Counsel's Petition to Withdraw, and affirm the judgment of sentence.

On May 17, 2012, Paullman entered a negotiated guilty plea to burglary in exchange for a sentence of eleven and one-half to twenty-three months in prison, followed by three years' probation. On September 12, 2013, Paullman was found in technical violation of his probation, and re-sentenced to eleven and one-half to twenty-three months in prison followed by five years' probation. On October 30, 2014, while still serving the burglary sentence, Paullman entered a negotiated guilty plea to receiving

stolen property in exchange for a sentence of three to twenty-three months in prison, followed by three years' probation. Further, the trial court re-sentenced Paullman to three to twenty-three months in prison, followed by three years' probation for violating the burglary sentence. The two sentences were to run concurrently. On January 7, 2016, following a hearing, Paullman was found in technical violation of the conditions of both probationary sentences. The trial court resentenced Paullman to concurrent terms of one and one-half to three years in prison (for each violation).

Paullman filed a Notice of Appeal. The trial court ordered Paullman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel filed a Statement of intent to file an **Anders** brief in lieu of filing a concise statement.

Counsel has filed a brief pursuant to **Anders** that raises the following question for our review: "Was [Paullman's] sentence for technical violations of probation excessive?" **Anders** Brief at 3. Additionally, Counsel filed a Petition to Withdraw on August 9, 2016. Paullman did not file a *pro se* response or retain new counsel.

Before addressing Paullman's issues on appeal, we must determine whether Counsel has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012). Pursuant to **Anders**,

when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Id.* (citation omitted). Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that Counsel has substantially complied with each of the requirements of *Anders* and *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Counsel indicates that he made a conscientious examination of the record and determined that an appeal would be wholly frivolous. Further, Counsel's *Anders* brief

- 3 -

comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, the record contains a copy of the letter that Counsel sent to Paullman, advising him of his right to proceed *pro se* or retain alternate counsel, file additional claims, and Counsel's intention to seek permission to withdraw. Thus, Counsel has complied with the procedural requirement for withdrawing from representation. We next examine the record to make an independent determination of whether Paullman's appeal is, in fact, wholly frivolous.

Paullman challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> \*\*\*
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A. 2d at 170 (quotation marks and some citations omitted).

Here, Paullman filed a timely Notice of Appeal, and included a Rule 2119(f) Statement in his brief. *Anders* Brief at 7-8. However, Paullman did not raise his sentencing claim in a motion for reconsideration, or at sentencing. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007) (stating that a "failure to file a motion for reconsideration after failing to object at sentencing … operates to waive issues relating to the discretionary aspects of sentencing"); *see also Commonwealth v. Williams*, 787 A. 2d 1085, 1088 (Pa. Super. 2001) (stating that claims challenging discretionary aspects of sentencing are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence though a post-sentence motion or an objection at sentencing). Thus, Paullman's claim is not preserved for our review.

Regardless of this defect, *Anders* requires that we examine the merits of Paullman's claim to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon Counsel's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an *Anders* brief must be addressed on appeal, despite the fact that the claim was not properly presented so as to determine whether counsel is entitled to withdraw); *see also Commonwealth v. Lilley*, 978 A. 2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an *Anders* brief, this Court will review

discretionary aspects of sentencing claims that were otherwise not properly preserved). Thus, we will review Paullman's sentencing claims.

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

Paullman asserts that the sentence was manifestly excessive. *Anders* Brief at 10, 14.

Upon revocation of probation, the alternatives available to the court shall be the same as were available at the time of the initial sentencing. Pa.C.S.A. § 9771(b); *see also Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2002). When imposing a sentence of total confinement after a probation, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *See Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Violation of probation may result in a more severe sentence than the original sentence. *See Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996); *see also Commonwealth v. Bryd*, 663 A.2d 229, 231 (Pa. Super. 1995). Following revocation of probation, a sentencing court need

not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the court's consideration of the factors of the crime and character of the offender. *See Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Here, in imposing sentence, the trial court considered Paullman's background, Paullman's criminal history, including numerous probation and parole violations,[1] his mental health challenges, his rehabilitation needs, and determined that a prison term was needed to vindicate the authority of the court. *See* N.T., 1/7/16, at 6-8.

Based upon the foregoing, we discern no abuse of the sentencing court's discretion in imposing the sentence. *See Commonwealth v. Sierra*, 752 A.2d 910, 914-15 (Pa. Super. 2000) (concluding that the trial court's imposition of a prison sentence following probation/parole violations was proper where the court considered defendant's prior criminal history, substance abuse problems, mental health problems, defendant's statements at sentencing, and the ineffectiveness of parole and probation in rehabilitating the defendant).

Further, our independent review discloses no other non-frivolous issues that Paullman could raise on appeal. Accordingly, we grant Counsel's Petition to Withdraw and affirm Paullman's judgment of sentence.

---

[1] At the probation violation hearing, the probation officer testified that Paullman had tested positive for cocaine while on probation and had left his court-ordered treatment facility. N.T., 1/7/16, at 5.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017