J-S38025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDRA ELIZABETH SEXTON, | |
| Appellant | No. 268 EDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002643-2014

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                               **FILED JULY 27, 2017**

Appellant, Alexandra Elizabeth Sexton, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County on December 16, 2016.  Appellant's counsel has filed an application to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

On July 31, 2014, Appellant entered a guilty plea to, *inter alia*,

_____

* Former Justice specially assigned to the Superior Court.

acquiring a controlled substance by misrepresentation.[1]  The same day, Appellant was sentenced to a treatment program, treatment court, and thirty months of probation.  Order, 7/31/14.  Appellant subsequently violated her probation, and on July 23, 2015, she was terminated from treatment court, was sentenced to thirty-six months of intermediate punishment "only to be released to an available bed," and was ordered to enter a long-term treatment program.  Sentencing Order, 7/23/15.

Appellant violated the terms of her county intermediate punishment sentence in June of 2016 by having a positive drug screen and failing to pay costs.  On August 3, 2016, a hearing was held and Appellant stipulated to the failed drug screen.  N.T., 8/3/16, at 5.  The trial court and Appellant's counsel explained to Appellant the benefit of entering a State Intermediate Punishment ("SIP") program being proposed by the Commonwealth that would provide Appellant treatment and an anticipated step down in her level of incarceration and supervision.  *Id.* at 4-9.  Appellant indicated her interest in being evaluated for this program, and the matter was continued for purposes of an evaluation to determine Appellant's eligibility for the program. *Id.* at 9.

A hearing was held on November 15, 2016, and at that hearing, despite being approved for the SIP program, Appellant stated that she did

_____

[1] 35 P.S. § 780-113(a)(12).

not want to enter the program. N.T., 11/15/16, at 4. The trial court explained that if Appellant declined to enter the program, the court would proceed to sentencing Appellant and discussed the sentencing guidelines. *Id.* at 4-9. Appellant stipulated to the violations of failing to pay costs and a failed drug screen, and she stated that she wished to proceed to sentencing. *Id.* at 12-15. The trial court sentenced Appellant to four to eight years of incarceration. *Id.* at 15.

Appellant filed a post-sentence motion on November 18, 2016. The trial court scheduled a hearing on Appellant's post-sentence motion for December 16, 2016, and on December 14, 2016, vacated the sentence imposed on November 15, 2016, pending the hearing on the post-sentence motion. Following the hearing on December 16, 2016, the trial court imposed the same sentence of four to eight years of incarceration. N.T., 12/16/16, at 14.

Appellant timely appealed. The trial court ordered the filing of a Pa.R.A.P. 1925(b) statement. Appellant's counsel filed a statement of intent to file an *Anders* brief in lieu of a Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement."). The trial court entered an order on February 10, 2017, stating that because Appellant's counsel filed a statement indicating his intent to file an *Anders* brief, "further exposition regarding [Appellant's]

conviction and the sentence imposed was unnecessary." Order, 2/10/17, at 1.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id.*** at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a thorough review of Appellant's case and determined that the appeal would be frivolous. Counsel sent Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that she could either represent herself or retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. **Anders** Brief at 1-6. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion.

The sole issue raised in the **Anders** brief is as follows:

> Whether the sentence of four to eight years incarceration imposed on [Appellant] is harsh and excessive under the circumstances?

**Anders** Brief at 1.

Appellant's issue challenges the discretionary aspects of her sentence.[2] We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary

_____

[2] In **Cartrette**, 83 A.3d at 1034, this Court held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenges at sentencing, and

included in her appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). In her Pa.R.A.P. 2119(f) statement, Appellant argues that the trial court's imposition of "a sentence of four to eight years imprisonment is harsh and excessive under the circumstances given her severe drug problems." *Anders* Brief at 3.

As explained in *Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013), there is ample precedent to support a determination that Appellant's allegation fails to raise a substantial question that her sentence is not appropriate under the Sentencing Code. *Id.* at 936-937 (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1228–1229 (Pa. Super. 2008) (claim that trial court failed to consider defendant's rehabilitative needs, age, and educational background did not present substantial question); *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise substantial question where sentence was within statutory guidelines and within sentencing guidelines);

*Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question)).

Even if we were to determine that Appellant's claim did raise a substantial question, we would find no merit to the underlying allegation.

> The imposition of sentence following the revocation of [a county intermediate punishment sentence] is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283–1284 (Pa. Super. 2012).

Our Court has held that the revocation of a county intermediate punishment sentence is equivalent to the revocation of probation:

> An intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9763, **Sentence of Intermediate Punishment**, may be revoked where the specific conditions of the sentence have been violated. 'Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing.' 42 Pa.C.S. § 9773, **Modification or revocation of intermediate punishment sentence**, (b) **Revocation**. This rule of resentencing is analogous to that set forth for resentencing following revocation of probation. 'Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing.' *Commonwealth v. Byrd*, 444 Pa.Super. 86, 663 A.2d 229, 231 (1995), citing 42 Pa.C.S. § 9771, **Modification or revocation of order of probation**, (b) **Revocation**. Moreover, revocation of probation occurs, as does revocation of an intermediate punishment

sentence, where it has been found the defendant has violated the terms of his sentence.

***Commonwealth v. Melius***, 100 A.3d 682, 685-686 (Pa. Super. 2014) (emphasis in original) (quoting ***Commonwealth v. Phillip***, 709 A.2d 920, 921 (Pa. Super. 1998)).

> While parts of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, ***see*** 204 Pa.Code. § 303.1(b), other provisions of that section do apply. For example, the sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Id.***

***Cartrette***, 83 A.3d at 1040-1041. Following the revocation of probation, a probation revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the probation revocation court's consideration of the facts of the crime and character of the offender. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010).

In this case, the sentence falls within the standard range of sentences. Specifically, the standard minimum range for a conviction of acquiring a

controlled substance by misrepresentation is thirty-six to fifty-four months with a statutory maximum of 180 months.[3] 204 Pa. Code § 303.16; 35 P.S. § 780-113(f)(1). Appellant was sentenced to four to eight years of incarceration, which sentence is well within the standard range.

Additionally, the sentencing transcripts reflect that the trial court was well aware of Appellant's rehabilitative needs and took them into consideration. Appellant's addiction was discussed at the August 3, 2016, November 15, 2016, and December 16, 2016 hearings. In fact, at the hearing on November 15, 2016, the trial court strongly encouraged Appellant to participate in the SIP program, yet Appellant refused. N.T., 11/15/16, at 4-15. Appellant instead chose to proceed to sentencing. *Id.* at 14-15. After being sentenced to four to eight years in prison, Appellant appeared to change her mind, as reflected by her filing the motion for reconsideration. At the December 16, 2016 hearing, it was the Commonwealth that no longer agreed to Appellant's participation in the SIP program. N.T., 12/16/16, at 5-6. Accordingly, the record is clear that the trial court fully considered Appellant's rehabilitative needs, facts of the crime and Appellant's character in sentencing Appellant.

Based on our review of the record, it is clear that Appellant has failed to establish that the trial court judge ignored or misapplied the law,

---

[3] Appellant had a prior record score of zero. Guideline Sentence Form, 11/17/16, at 2.

exercised his judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Simmons**, 56 A.3d at 1283-1284. Thus, we would conclude that the trial court did not abuse its discretion in sentencing Appellant.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. **Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2017