**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Ernest WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 25, 2001.
Filed Dec. 14, 2001.

Clayton A. Sweeney, Philadelphia, for appellant.

William G. Young, Assistant District Attorney, Philadelphia, for Com., appellee.

Before: HUDOCK, STEVENS, and OLSZEWSKI, JJ.

STEVENS, J.

¶ 1 Appellant Ernest Williams appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, following his convictions for robbery, attempted theft, and possession of an instrument of crime. On appeal, Appellant contends that he received an illegal sentence pursuant to the Pennsylvania Mandatory Minimum Sentencing Statute, 42 Pa.C.S. § 9712, which he claims is unconstitutional under the Pennsylvania and United States Constitutions. We conclude that Appellant's challenge is to the discretionary aspects of sentencing, that Appellant failed to preserve his sentencing claims, and as such, we affirm.

¶ 2 The record before us reveals that Appellant was convicted of robbery, attempted theft, and possession of an instrument of a crime. Appellant was sentenced to the mandatory sentence required by statute, 42 Pa.C.S. § 9712,[1] of five to ten years in a state correctional institution. Post trial motions challenging the sufficiency of the evidence were timely filed and then denied, and direct appeal was not filed. Appellant filed a Post Conviction Relief Act (PCRA) petition, 42 Pa.C.S.A. § 9541–9546 alleging, *inter alia*, that trial counsel was ineffective for not filing a di-

---

1. 42 Pa.C.S. § 9712 Sentences for Offenses Committed with Firearms.

   (a) **Mandatory sentence.**—Except as provided under section 9716..... if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed a victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary....

   (b) **Proof at sentencing.**—Provisions of this sentence shall not be an element of the crime.... The court shall consider any evidence presented at trial.... and shall determine, by a preponderance of the evidence, if this section is applicable.

rect appeal. The PCRA court dismissed the petition and Appellant appealed to this Court, claiming that he had been denied his right of direct appeal. Appellant's case was remanded for an evidentiary hearing to determine whether Appellant requested trial counsel to file a direct appeal on his behalf and, if so, whether counsel's failure to file an appeal was justified. On remand, the Commonwealth agreed that Appellant's direct appeal rights should be reinstated, and an order to this effect was entered on March 14, 2000. This *nunc pro tunc* direct appeal followed.

■ ¶ 3 Appellant claims his sentence is illegal because it was imposed pursuant to the dictates of § 9712, which, Appellant claims, is unconstitutional. Specifically, Appellant contends that § 9712 violates the United States and Pennsylvania Constitutions by providing for a mandatory minimum sentence for firearm possession without requiring the Commonwealth to prove such possession beyond a reasonable doubt. However, because Appellant's claim implicates neither the statutory limits of the crime for which Appellant was convicted nor the jurisdiction of the court to impose the sentence at hand, we disagree.

■ ¶ 4 An illegal sentence is one that exceeds the statutory limits and therefore is one which the court has no jurisdiction to impose. *Commonwealth v. Archer,* 722 A.2d 203 (1998). Because there is no dispute that Appellant's sentence was within statutory limits, or that the court had jurisdiction to enter such sentences, Appellant's challenge does not go to the legality of sentence imposed.[2] Rather, we understand a claim that a court relied on an unconstitutional statute when it sentenced a defendant is a challenge to the discretionary aspects of sentencing. Accordingly, we review Appellant's claim as one made to the discretionary aspects of sentencing.

■ ¶ 5 The right to appeal a discretionary aspect of sentence is not absolute. *Commonwealth v. Barzyk,* 692 A.2d 211 (Pa.Super.1997). Rather, to reach the merits of a discretionary sentencing issue, we must determine: (1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *See* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

---

**2.** Even if we were to address Appellant's claim on the merits, Appellant would not be successful. The constitutionality of this statute was upheld by the Pennsylvania Supreme Court in *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), a case which was affirmed by the United States Supreme Court in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In *McMillan,* the Supreme Court first coined the term "sentencing factor" to refer to a fact that was not found by a jury but that could affect the sentence imposed by the judge. A reasonable doubt standard of proof is not required for sentencing factors.

Appellant claims that *McMillan* has been overturned by *Apprendi v. New Jersey* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that possession of a weapon must now be proved beyond a reasonable doubt. We disagree with Appellant's interpretation of *Apprendi.* The Supreme Court specifically stated that it was not overruling *McMillan.*

We do not overrule *McMillan.* We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict—a limitation identified in the *McMillan* opinion itself. *Apprendi,* 530 U.S. at 466 n. 13, 120 S.Ct. 2348

As *Apprendi* does not overrule *McMillan,* which is clearly controlling in this matter, and because the sentence does not exceed the statutory maximum, we find Appellant's challenge to the legality of sentence to be meritless.

that the sentence appealed from is inappropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000).

¶ 6 Here, Appellant did not file a post-sentence motion challenging his sentence or object to the sentence during the sentencing hearing. Since Appellant never provided the sentencing judge with the opportunity to reconsider or modify the sentence, this issue is waived. *See Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995) (holding that Pa. R.Crim.P. 1410 [3] does not dispense with the need to preserve challenges to the discretionary aspects of a sentence by means of a post-sentence motion).

¶ 7 Affirmed.

---

**3.** Pa.R.Crim.P. 1410 has been renumbered as Pa.R.Crim.P. 720.