J-S41033-14

2014 PA Super 182

COMMONWEALTH OF PENNSYLVANIA,　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　Appellee　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
BYSHERE LAWRENCE,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Appellant　　　　　:　No. 2684 EDA 2013

Appeal from the Judgment of Sentence May 24, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0010239-2011

BEFORE:　BOWES, DONOHUE and MUNDY, JJ.

CONCURRING OPINION BY DONOHUE, J.:　　　　**FILED AUGUST 27, 2014**

I agree with the learned Majority that section 1102.1(a)(1) of the Pennsylvania Crimes Code neither violates the Eighth Amendment's prohibition against cruel and unusual punishment nor offends the United States Supreme Court's holding in **Miller v. Alabama**, __ U.S. __, 132 S.Ct. 2455 (2012). I also agree that the remaining two issues raised by Appellant – that section 1102.1 is unconstitutional as it violates the Equal Protection and Ex Post Facto Clauses of the United States Constitution – are not reviewable based upon Appellant's failure to raise these claims before the trial court. I reach this conclusion, however, solely based upon this Court's 2001 decision in **Commonwealth v. Williams**, 787 A.2d 1085 (Pa. Super. 2001).

Like Appellant, the appellant in **Williams** challenged the applicability of a mandatory minimum sentence[1] for the first time on appeal. **Williams**, 787 A.2d at 1087. Williams asserted that his sentence was illegal because the statute pursuant to which he was sentenced was unconstitutional. **Id.** This Court found that Williams' claim did not implicate the legality of his sentence; rather, "a claim that a court relied on an unconstitutional statute when it sentenced a defendant is a challenge to the discretionary aspects of sentencing." **Id.**; **see also Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*) (stating that most sentencing claims involving a legal question "or an issue of constitutional dimension" implicate the discretionary aspects of the sentence).

It is well-settled law that issues not raised below, even those of a constitutional dimension, are waived. **See Commonwealth v. Miller**, 80 A.3d 806, 811 (Pa. Super. 2013) (finding the appellant's argument that Megan's Law IV violates the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions waived based upon his failure to raise them before the trial court); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Because Appellant raises his final two issues for the first time on appeal, I

---

[1] In **Williams**, the appellant was given a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712(a) and (b), relating to sentences for offenses committed with firearms. **Williams**, 787 A.2d at 1087.

agree with the learned Majority that they are waived and not subject to review.