J-S61031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MAXWELL THOMPSON, | : | |
| | : | |
| Appellant | : | No. 117 WDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, No(s):  CP-25-CR-0001963-2015

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED AUGUST 16, 2016**

Maxwell Thompson ("Thompson") appeals from the judgment of sentence imposed following his conviction of possession of an instrument of crime and driving under the influence ("DUI").[1]  Additionally, Emily M. Merski, Esquire ("Attorney Merski"), Thompson's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Attorney Merski's Petition to Withdraw and affirm Thompson's judgment of sentence.

On or about June 15, 2015, Thompson called his employer stating that he was going to slit his employer's throat with a knife.  Thompson then drove, while intoxicated, to his find his employer at 2311 West 15th Street in the City of Erie.  On the way, Thompson called multiple people to tell them what he was planning to do to his employer when he arrived.  A number of

---

[1] **See** 18 Pa.C.S.A. § 907(b); 75 Pa.C.S.A. § 3802(a)(1).

these people called the Millcreek Police. When officers stopped Thompson's vehicle, they found a nearly foot-long Bowie knife sitting on the passenger seat.

On October 8, 2015, Thompson pled guilty to the above-mentioned crimes. On December 10, 2015, the trial court sentenced Thompson to an aggregate term of fourteen to forty-two months in prison.

Thompson filed a Motion for Reconsideration of Sentence. On December 16, 2015, the trial court granted Thompson's Motion, and sentenced Thompson to an aggregate term of ten to twenty-two months in prison. Thereafter, Thompson filed a timely Notice of Appeal. Attorney Merski subsequently filed a Pa.R.A.P. 1925(c)(4) Notice of Intent to file an **Anders** brief.

On appeal, Attorney Merski has filed an **Anders** brief, raising the following question for our review: "Whether [] Thompson's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" **Anders** Brief at 3. On May 18, 2016, Attorney Merski filed a Petition to Withdraw as Counsel. Thompson filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Attorney Merski has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may

not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) [p]etition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Merski has complied with the requirements set forth in *Anders* by indicating that she has conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Merski provided a letter to Thompson, informing him of Attorney Merski's intention

to withdraw and advising Thompson of his rights to retain new counsel, proceed *pro se*, and file additional claims. Finally, Attorney Merski's **Anders** Brief meets the standards set forth in **Santiago** by providing a factual summary of Thompson's case, with support for Attorney Merski's conclusion that the trial court did not err or abuse its discretion by imposing Thompson's sentence, rendering his appeal wholly frivolous. Because Attorney Merski has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Thompson's appeal is, in fact, wholly frivolous.

Thompson contends that the sentencing judge abused his discretion in imposing a manifestly excessive standard range sentence of ten to twenty-two months in prison for possession of an instrument of crime and DUI. **Anders** Brief at 4-5, 7. Thompson argues that the sentencing judge did not consider factors set forth at 42 Pa.C.S.A. § 9721(b). *Id.* at 6, 7. Thompson further asserts that several mitigating factors exist that justified a lower sentence, such as the character letters submitted on his behalf, the recent trauma he endured with the passing of his wife, and the fact that he has accepted responsibility for his actions. *Id.* at 7-8.

Thompson challenges the discretionary aspects of his sentence.

Prior to reaching the merits of a discretionary sentencing issue, an appellate court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief

has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Thompson filed a timely Notice of Appeal. However, Thompson failed to raise his sentencing claims in a motion for reconsideration of sentence or at the sentencing hearing.[2] *See Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing [] operates to waive issues relating to the discretionary aspects of sentencing"); *see also Commonwealth v. Williams*, 787 A.2d 1085, 1088 (Pa. Super. 2001) (stating that claims challenging discretionary aspects of sentencing are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence through a post-sentence motion or an objection at sentencing).

Nevertheless, *Anders* requires that we examine the merits of Thompson's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing claims raised in an *Anders* brief must be addressed on appeal, despite procedural violations).

---

[2] We note that although Thompson filed a Motion for Reconsideration of his initial sentence, he failed to file such a motion upon his resentencing.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> [s]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citations omitted).

At Thompson's sentencing hearing, the trial court stated that it had reviewed and considered the presentence investigation report. *See* N.T., 12/10/15, at 13; *see also Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). Additionally, the trial court considered the Sentencing Code, the Sentencing Guidelines, and the statements by Thompson and his counsel. N.T., 12/10/15, at 13. The trial court considered Thompson's age, character, his rehabilitative needs, the seriousness of the crime, the protection of the community, and the fact that he has accepted responsibility for his crimes. *Id.* The trial court also took into account Thompson's prior criminal record, which includes two prior convictions for DUI, two convictions for recklessly endangering another person, and two convictions for simple

- 6 -

assault. ***Id.*** at 13-14. Based on our review, we conclude that the trial court did not abuse its discretion in imposing Thompson's sentence. ***See Malovich***, 903 A.2d at 1254.

Further, our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Accordingly, we conclude that Thompson's appeal is wholly frivolous, and Attorney Merski is entitled to withdraw as counsel.

Petition to Withdraw as Counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016