J-S95044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ANTHONY NAJI TAYLOR, :
:
Appellant : No. 2533 EDA 2016

Appeal from the Judgment of Sentence July 14, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0001654-2016

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 27, 2017**

Anthony Naji Taylor ("Taylor") appeals from the judgment of sentence imposed following his guilty plea to person not to possess firearms. ***See*** 18 Pa.C.S.A. § 6105(a)(1). Additionally, Patrick J. Connors, Esquire ("Counsel"), has filed a Petition to Withdraw as counsel, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Counsel's Petition to Withdraw, and affirm the judgment of sentence.

On May 19, 2016, Taylor entered an open guilty plea to persons not to possess firearms. On July 14, 2016, the trial court sentenced Taylor to five to ten years in prison. Taylor filed a timely Notice of Appeal. The trial court ordered Taylor to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). In response, Counsel indicated that he intended to file an ***Anders*** brief.

Before addressing Taylor's issues on appeal, we must determine whether Counsel has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted). Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that Counsel has substantially complied with each of the requirements of **Anders** and **Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Counsel indicates that he made a conscientious examination of the record and determined that an appeal would be wholly frivolous. Further, Counsel's **Anders** brief comports with the requirements set forth in **Santiago**. Finally, the record contains a copy of the letter that Counsel sent to Taylor, advising him of his right to proceed *pro se* or retain alternate counsel, and file additional claims, and Counsel's intention to seek permission to withdraw. Thus, Counsel has complied with the procedural requirement for withdrawing from representation. We next examine the record and make an independent determination of whether Taylor's appeal is, in fact, wholly frivolous.

Counsel has filed a brief pursuant to **Anders** that raises the following question for our review: "Whether a 5 to 10 year prison term is harsh and excessive under the circumstances of this case?" **Anders** Brief at 1. Taylor filed a *pro se* Response, arguing that his counsel provided ineffective assistance at sentencing. *Pro Se* Response at 1 (unnumbered).

Initially, Taylor challenges the discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an

_____

[1] Because Taylor entered an open guilty plea, his plea did not preclude a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filled a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Taylor filed a timely Notice of Appeal. However, he did not raise his sentencing claim at the sentencing hearing or in a post-sentence motion to modify and reduce sentence. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing … operates to waive issues relating to the discretionary aspects of sentencing."); ***see also Commonwealth v. Williams***, 787 A.2d 1085, 1088 (Pa. Super. 2010) (stating that claims challenging discretionary aspects of sentencing are

- 4 -

waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence though a post-sentence motion or an objection at sentencing). Thus, Taylor's claim is not preserved for our review.

Regardless of this defect, **Anders** requires that we examine the merits of Taylor's claim to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon Counsel's request to withdraw. **See Commonwealth v. Wilson**, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an **Anders** brief must be addressed on appeal, despite the fact that the claim was not properly presented so as to determine whether counsel is entitled to withdraw); **see also Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were otherwise not properly preserved). Thus, we will review Taylor's sentencing claims.

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Downing**, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

Taylor asserts that the sentence was excessive. **Anders** Brief at 5. Taylor claims that the trial court abused its discretion by failing to consider mitigating factors, including his desire to improve his life and his drug problems. **Id.**

Here, in imposing sentence, the trial court reviewed a pre-sentencing investigation report and a substance abuse evaluation. **See** N.T., 7/14/16, at 3, 6, 9. Where the sentencing judge considered a pre-sentencing investigation report, it is presumed that they were aware of the all relevant sentencing factors and weighed all mitigating statutory factors. **See Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006); **see also Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted). The trial court also considered Taylor's statements, Taylor's prior criminal history, the fact that Taylor was employed, and Taylor's drug issues. **See** N.T., 7/14/16, at 6-8, 10-12, 13. Further, the trial court imposed a standard range sentence. **Id.** at 3-4, 18; **see also Moury**, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the sentencing code."). Based

upon the foregoing, we discern no abuse of the sentencing court's discretion in imposing the sentence. **See Ventura**, **supra**; **Flower**, **supra**.[2]

Further, our independent review discloses no other non-frivolous issues that Taylor could raise on appeal. Accordingly, we grant Counsel's Petition to Withdraw and affirm Taylor's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017

---

[2] In his *pro se* response, Taylor raises an ineffective assistance of counsel claim. It is well-settled that ineffectiveness claims are not generally raised on direct appeal, and are to be raised on collateral review. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).