J-A13002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN JAMES COLOSIMO | |
| Appellant | No. 1357 EDA 2016 |

Appeal from the Judgment of Sentence March 8, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-0005290-2015
CP-46-CR-0003496-2015

BEFORE:  LAZARUS, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 30, 2017**

Kevin Colosimo appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after he pleaded guilty to numerous offenses related to a conspiracy to commit burglary and arson. After careful review, we affirm.

On December 3, 2015, Colosimo entered an open guilty plea to four counts of burglary, 18 Pa.C.S.A. § 3502(a)(1), one count of conspiracy to commit arson, 18 Pa.C.S.A. § 903(a)(1), and one count of conspiracy to commit burglary, 18 Pa.C.S.A. § 903(a)(1).  On March 8, 2016, the Honorable William J. Furber sentenced Colosimo to an aggregate term of 8½

---

[*] Former Justice specially assigned to the Superior Court.

to 17 years' imprisonment. Colosimo filed a timely post-sentence motion on March 16, 2010, which the trial court denied by order on April 11, 2016. Colosimo's post-sentence motion argues only that "his sentence was clearly unreasonable and excessive under the circumstances." Post-sentence Motion, 3/16/16, at 1. Colosimo timely appealed, and on May 23, 2016, he filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Colosimo raises the following questions for our review:

> 1. Did the [sentencing court] err in considering [*nolle prossed* charges] as a basis for fashioning appellant's sentence?
>
> 2. Did [the sentencing court] err and/or abuse its discretion in imposing a clearly unreasonable, excessive sentence?

Brief of Appellant, at 1.

Colosimo's claims constitute a challenge to the discretionary aspects of his sentence. Such a challenge is not appealable as of right.

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to consider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the

fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006).

Colosimo first avers that the sentencing court impermissibly considered 104 charges that were *nolle prossed* when imposing its sentence. However, we note, the Commonwealth avers Colosimo did not raise this claim in his post-sentence motion, and thus, he has waived this issue. We agree.

Claims challenging the discretionary aspects of a sentence are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the sentence through a post-sentence motion or an objection at sentencing. *See* Pa.R.Crim.P. 607(a). *Commonwealth v. Williams*, 787 A.2d 1085, 1088 (Pa. Super. 2001). Colosimo neither raised this issue in his post-sentence motion, nor objected on these grounds at sentencing. Therefore, we find Colosimo has waived this issue on appeal.[1]

_____

[1] Even if Colosimo had preserved this issue for appeal, it is meritless. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Johnson*, 666 A.2d 691, 693 (Pa. Super. 1995) (internal citation omitted). A substantial question exists where a sentence is enhanced due to sentencing court's consideration of charges that have been *nolle prossed*, because notions of fundamental fairness are violated. *Commonwealth v. Miller*, 965 A.2d 276, 278 (Pa. Super. 2009). However, passing references to *nolle prossed* charges do not constitute an abuse of discretion. *Miller*, 965 A.2d 276 (trial court's mere reference to defendant's *nolle prossed* charges did not indicate trial court specifically consider *nolle prossed* charged and enhanced defendant's sentence based thereon). Moreover, the sentencing court expressly disregarded Colosimo's *nolle prosse*d charges. "[Y]our plea to the offenses here on these separate
*(Footnote Continued Next Page)*

In his final claim on appeal, Colosimo avers "the reasons offered by the sentencing court were not sufficient to justify consecutive sentences," and that his sentence was "not warranted under the circumstances." Brief of Appellant, at 13-14. Colosimo has satisfied the procedural requirements for preserving his sentencing challenge on these grounds. Pa.R.Crim.P. 607(a). However, bald allegations of excessiveness are not sufficient to raise a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. Super. 2002) (to demonstrate on appeal that substantial question exists party must articulate reasons why particular sentence raises doubts that trial court did not properly consider general sentencing guidelines provided by legislature).

Colosimo concedes the sentencing court imposed **standard range** sentences, but argues the consecutive nature of his aggregate sentence renders it excessive. This argument is unavailing and does not raise a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013) (bald claim of excessiveness due to consecutive nature of sentence will not raise substantial question); *Commonwealth v. Cross*, 695 A.2d 831 (Pa. Super. 1997) (claim of excessiveness of sentence does not raise substantial question if sentence is

*(Footnote Continued)* ─────────────

accounts are only one of a number of additional counts that may or may not have included thefts perpetrated by you or others. I am not taking that into consideration[.]" N.T. Sentencing, 3/8/16, at 29.

within statutory limits). Moreover, the record before us reflects that the sentencing court considered many factors in imposing sentence, including the nature of Colosimo's crimes and their societal impact, Colosimo's presentence investigation report, the arguments of Colosimo's counsel, and his rehabilitative needs. N.T. Sentencing, 3/8/16, at 34. ***Commonwealth v. Walls***, 926 A.2d 957, 967 n. 7 (Pa. 2007) ("[W]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Specifically, Judge Furber recommended that the Department of Corrections assign Colisimo to a state correctional facility that provides drug, alcohol abuse and mental health treatment. ***Id.*** There is no merit to Colosimo's claim that his sentence is excessive and unreasonable.

Based upon the record, we can discern no abuse of the trial court's discretion in sentencing Colosimo to 8½ to 17 years' imprisonment. ***Dodge***, ***supra***; ***Cross***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2017