J-S39034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                        :

          v.                          :
                                        :
                                        :

SHAWN DELANEY                 :
                                        :
                  Appellant       :     No. 875 EDA 2019

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004378-2016

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED AUGUST 19, 2019**

Appellant, Shawn Delaney, appeals *pro se* from the February 26, 2019,
order entered in the Court of Common Pleas of Delaware County denying
Appellant's first petition filed under the Post Conviction Relief Act ("PCRA"),
42 Pa.C.S.A. § 9541-9546. After a careful review, we affirm.

The relevant facts and procedural history have been set forth by this
Court previously on direct appeal, in part, as follows:

> On May 26, 2016, at approximately 6:18 p.m., the
> Springfield Township Police Department responded to a home at
> 90 Hillview Drive in Springfield Township, Delaware County,
> following reports of shotgun blasts. The police encountered Judith
> Delaney, [Appellant's] wife, who informed the police that
> [Appellant] was intoxicated and possessed a shotgun. The police
> set up a perimeter around the home and attempted to establish
> crisis negotiations with [Appellant]. [Appellant] fired two shots in
> the direction of the police officers. [Appellant] also repeatedly
> told the officers to shoot him. Following the failure to negotiate
> with [Appellant], the police inserted a tactical robot into the home.

_____

*   Former Justice specially assigned to the Superior Court.

> At approximately 9:15 p.m., the police observed [Appellant] passed out on his bed and subsequently took him into custody.
>
> [Appellant] was charged with a host of crimes. On February 10, 2017, [Appellant, who was represented by counsel,] entered an open guilty plea to [two counts of aggravated assault and one count each of discharge of a firearm in an occupied structure and possessing an instrument of crime.[1]] The trial court sentenced [Appellant] to an aggregate sentence of 12 to 24 years in prison, followed by six years of probation. [Appellant] filed a timely Notice of Appeal. The trial court ordered [Appellant] to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, [Appellant's counsel] stated that he intended to file an **Anders** brief.

**Commonwealth v. Delaney**, No. 1627 EDA 2017, *1-2 (Pa.Super. filed 11/16/17) (unpublished memorandum) (footnote added) (footnote omitted).

On direct appeal, in the **Anders** brief, counsel averred the trial court imposed too severe of a sentence upon Appellant. Concluding the claim presented a challenge to the discretionary aspects of sentencing, we found the issue to be waived as Appellant failed to raise the claim at the sentencing hearing or in a post-sentence motion. **Delaney**, **supra** (citing **Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119, 1125 (2007); **Commonwealth v. Williams**, 787 A.2d 1085, 1088 (Pa.Super. 2010)). Alternatively, we concluded there was no merit to Appellant's claim. **See Delaney**, **supra**. Accordingly, we affirmed Appellant's judgment of sentence and permitted counsel to withdraw. Appellant did not file a petition for allowance of appeal.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 2707.1(a), and 907(a), respectively.

On or about August 22, 2018, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed a petition seeking to withdraw and a ***Turner/Finley***[2] "no-merit" letter. On February 5, 2019, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On February 19, 2019, Appellant filed a *pro se* objection to the notice to dismiss, and on February 26, 2019, the PCRA court entered an order denying Appellant's PCRA petition. Appellant filed a timely *pro se* notice of appeal.[3]

Initially, we note that in reviewing the propriety of the PCRA court's dismissal of Appellant's petition, we are limited to determining whether the PCRA court's findings are supported by the record, and whether the order is free of legal error. ***Commonwealth v. Allen***, 557 Pa. 135, 732 A.2d 582 (1999).

In his first issue, Appellant contends guilty plea counsel induced him to plead guilty, and thereafter, counsel was ineffective in failing to seek to withdraw Appellant's guilty plea prior to sentencing. Specifically, Appellant

---

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The certified docket entries do not indicate that the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement; however, the docket entries reveal Appellant filed a Pa.R.A.P. 1925(b) statement on April 4, 2019. The PCRA court filed a Pa.R.A.P. 1925(a) opinion on April 8, 2019.

contends that, prior to the guilty plea hearing, guilty plea counsel informed him that, if he pled guilty, he would receive a sentence of three years to six years in prison and/or all sentences would be imposed concurrently. Appellant's Brief at 8-9. However, after the plea hearing, counsel informed Appellant, for the first time, that he could receive a sentence of twelve years to twenty-four years in prison, which included the possibility of consecutive sentences. *Id.*

Appellant contends that he was induced to plead guilty because of guilty plea counsel's erroneous advice. He further contends that counsel should have sought to withdraw the guilty plea prior to sentencing, and guilty plea counsel was ineffective in failing to do so. *Id.*

Preliminarily, we note that, regarding Appellant's allegation that he was unlawfully induced to plead guilty, a petitioner may obtain relief "where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). Here, Appellant does not contend that he is innocent of the offenses at issue. *See Commonwealth v. Barndt*, 74 A.3d 185, 191 n.9 (Pa.Super. 2013) (determining that the appellant waived his argument under Section 9543(a)(2)(iii) that his guilty plea was unlawfully induced where he did not maintain that he is innocent of the crimes charged) (citation omitted)).

In any event, as the PCRA court relevantly indicated, there is no merit to Appellant's claim. Specifically, the PCRA court indicated:

Here, [Appellant] argued in his Petition that [guilty plea] counsel was ineffective in connection with his open plea because he was induced by counsel into believing that a negotiated sentence of 3-6 years was in place. However, a review of the open guilty plea hearing and [the trial court's] recollection of the situation, entirely rebut this claim. The notes of testimony from the open guilty plea on February 10, 2017, [reveal] that [Appellant] wished to enter into the open plea to all of the stated offenses. [Guilty plea] counsel and [the trial] court both conducted separate thorough and detailed colloquies of [Appellant], specifically asking if [Appellant] wanted to enter the plea. Th[e] [trial] court asked [Appellant] if anyone forced or coerced him into the plea or if he was promised anything as a result of the plea, to which [Appellant] answered that he was not….[Appellant] [answered affirmatively that he] understood that the open plea meant that there was no agreed upon sentence between the Commonwealth and his attorney and that th[e] [trial] court would have sole discretion in deciding upon the sentence to be imposed. [N.T., 2/10/17, at 4].

***

Furthermore, at the [commencement] of the sentencing hearing, [guilty plea] counsel explained that she was requesting a sentence within the 3-6 range, a mitigated sentence. [Guilty plea] [c]ounsel explained that she advised [Appellant] of her intention to request such a sentence, but, again, that no negotiated plea arrangement had been previously tendered to her or her client. [N.T., 4/13/2017 p. 4-5].

PCRA Court Opinion, filed 6/13/17, at 5.

Additionally, at the guilty plea hearing, as well as in the written guilty plea statement, Appellant was specifically informed that each charge of aggravated assault carried a maximum penalty of "up to 20 years in prison[,]" discharging a firearm into an occupied structure carried a maximum penalty of "up to seven years in prison[,]" and possession of an instrument of crime carried a maximum penalty of "up to five years in prison[.]" N.T., 2/10/17, at 10; Guilty Plea Statement, dated 2/10/17. Moreover, guilty plea counsel

- 5 -

specifically asked Appellant at the guilty plea hearing: "And you understand and I've discussed with you that the combined maximums of 52 years and $75,000 are on the charges that you are entering into this open guilty plea[?]" *Id.* Appellant answered, "Correct." *Id.* Appellant confirmed he was pleading guilty of his own "free will," and he committed the offenses as set forth in the affidavit of probable cause. *Id.* Accordingly, we agree with the PCRA court that Appellant is not entitled to relief on his inducement by counsel claim.

However, this does not end our inquiry as Appellant additionally alleges that guilty plea counsel was ineffective in failing to seek to withdraw Appellant's guilty plea prior to sentencing.

To establish counsel was ineffective, a PCRA petitioner must prove that (1) the issue underlying counsel's act or omission is of arguable merit; (2) counsel had no reasonable strategic basis for the act or omission; and (3) the petitioner suffered prejudice. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*). To establish prejudice in this case, Appellant must prove he would have proceeded to trial but for counsel's error. *Barndt*, 74 A.3d at 192. We must presume counsel rendered adequate assistance, and the petitioner bears the burden of proving otherwise. *Reyes-Rodriguez*, 111 A.3d at 780.

Here, in finding no merit to Appellant's ineffectiveness claim, the PCRA court relevantly indicated the following:

> [Appellant] now argues that counsel was ineffective for failing to request that [Appellant] be allowed to withdraw his guilty

- 6 -

plea prior to sentencing. [Appellant's] argument is facially incorrect. On the day of sentencing, counsel informed th[e] [trial] court that [Appellant] wished to withdraw his plea; [Appellant] also wrote a letter to th[e] [trial] court which was given to counsel in connection with [Appellant's] wish to withdraw his plea. When th[e] [trial] court asked [Appellant] why he wished to withdraw his plea, he stated: "because I'm terrified of the sentence." N.T., 4/13/2017, p. 5. Th[e] [trial] court informed [Appellant] that [this] was not a [sufficient] reason to be permitted to withdraw his plea.

PCRA Court Opinion, filed 6/13/17, at 6.

We agree with the PCRA court's sound analysis and conclude, contrary to Appellant's averment, that guilty plea counsel explained to the trial court at the commencement of the sentencing hearing that Appellant desired to withdraw his guilty plea; however, the trial court denied the request. N.T., 4/13/17, at 3-5. Accordingly, guilty plea counsel may not be deemed ineffective on this basis.

In his final claim, Appellant contends guilty plea counsel was ineffective for failing to investigate whether Appellant's mental health permitted him to enter a knowingly and voluntary guilty plea. Specifically, Appellant asserts guilty plea counsel failed to inquire as to the medications Appellant was taking, as well as to whether he was suffering from depression because of the recent death of his daughter.

Here, in finding no merit to Appellant's ineffectiveness claim, the PCRA court relevantly indicated the following:

[Appellant] also argues that [guilty plea] counsel was ineffective because she failed to address [Appellant's] mental state at the time of entering the plea, namely that [Appellant] was

medicated in order to cope with a recent loss. Again, this argument is factually inaccurate. During the open guilty plea, counsel had the following exchange with [Appellant]:

> [Guilty Plea Counsel]: "You have no physical, emotional, or mental deficit which prevents your ability to understand anything that you and I have discussed pertaining to your case before [H]is [H]onor or pertaining to the document that I have in front of you.[4] Correct?
>
> [Appellant]: "Yes."
>
> [Guilty Plea Counsel]: "And you are not under the influence of any drugs or alcohol, except for those medications which you [*sic*] are prescribed to you for some mental health issues[.] [C]orrect?"
>
> [Appellant]: "Correct."
>
> [Guilty Plea Counsel]: "And those medications, they help you think more clearly. Correct?"
>
> [Appellant]: "Yes."

[N.T., 2/10/2017 p. 6].

There is not a scintilla of evidence to support [the argument] that [Appellant] was under the influence of any medication during his plea or sentencing that would have adversely affected his ability to make a [voluntary] decision nor why [Appellant] failed to mention this claim until now. In contrast, the medication prescribed to [Appellant] was to enable to [*sic*] him [to] think more clearly. Th[e] [c]ourt clearly recalls that [Appellant] was alert and able to comprehend all proceedings. There is no support in the record for [Appellant's] argument that counsel was ineffective because she failed to address [Appellant's] mental state at the time of his plea. [Appellant's] claims are entirely due to the fact that he received a sentence that he does not like.

PCRA Court Opinion, filed 6/13/17, at 6-7 (footnote added).

---

[4] The "document" referred to by guilty plea counsel is a written guilty plea statement. N.T., 2/10/17, at 5.

We agree with the PCRA court's sound analysis. Appellant is bound by his statements, which he made in open court under oath. ***Commonwealth v. Yeomans***, 24 A.3d 1044 (Pa.Super. 2011). Further, we note guilty plea counsel had in her possession Appellant's medical records, including his mental health records, which counsel provided to the trial court during Appellant's guilty plea hearing. N.T., 2/10/17, at 17. Additionally, Appellant signed a written guilty plea statement in which he specifically acknowledged:

> I do not have any physical, emotional or mental problems which affect my ability to understand what I am doing today, the rights which I have and the rights which I am giving up by pleading guilty or nolo contendere, and I am not now under the influence of any narcotics, drugs, alcohol or any other substance.
>
> ***
>
> I am fully satisfied with what my lawyer has done for me in the past and what my lawyer is doing for me today concerning this case.

Guilty Plea Statement, dated 2/10/17. Accordingly, we agree with the PCRA court that Appellant is not entitled to relief on his claim of ineffective assistance of guilty plea counsel.[5]

---

[5] To the extent Appellant contends guilty plea counsel was ineffective in failing to investigate what medication Appellant was taking at the time he committed his offense, we conclude Appellant has failed to demonstrate he was prejudiced. Specifically, Appellant has neither pled nor proven that, but for guilty plea counsel's omission, he would have proceeded to trial. ***See Barndt***, ***supra***. Rather, at most, Appellant avers that guilty plea counsel should have determined Appellant's mental state at the time he committed the crimes so that counsel would have been "prepared to defend the [case] had the Appellant wished to proceed to trial[.]" ***See*** Appellant's Brief at 11.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19

_____

In any event, we note that, in the written guilty plea statement, Appellant indicated:

> I have fully discussed this case with my lawyer, including the facts and possible defenses I may have to these charges such as, but not limited to:…insanity (at the time the crimes were committed, I had a mental disease or defect and, as a result, I was not capable of knowing what I was doing or, if I did, I was not capable of judging that it was wrong[.]

Guilty Plea Statement, dated 2/10/17. Thus, Appellant is not entitled to relief.