J-S02045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE MICHAEL WATSON, | : | |
| | : | |
| Appellant | : | No. 941 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 13, 2019
in the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000291-2018

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 27, 2020**

Jesse Michael Watson ("Watson") appeals from the judgment of sentence imposed following his entry of a *nolo contendere* plea to one count of tampering with evidence.[1]  We affirm.

Watson was arrested on March 31, 2018, following an incident at his home in Sayre, Pennsylvania.  A Sayre police officer was in the process of issuing Watson a citation related to Watson's unleashed dog.  During the interaction, the officer observed Watson pick up a glass pipe that was sitting at his feet and put it into his sweatshirt pocket.  The officer instructed Watson to remove the pipe from his pocket, and Watson refused.  A scuffle ensued, and Watson threw the pipe inside the house before closing the door behind him.  Watson was eventually arrested, his dogs were contained, and he was

---

[1] *See* 18 Pa.C.S.A. § 4910(1).

charged with tampering, resisting arrest, possession of marijuana, escape, and possession of drug paraphernalia following the incident.[2]

On June 1, 2018, Watson filed an omnibus pre-trial Motion requesting, in part, to suppress the physical evidence seized during the incident. On September 11, 2018, the trial court held a pretrial hearing, where Watson admitted to possessing the paraphernalia. Watson further admitted to throwing the pipe into the house, and to shutting the door behind him. N.T., 9/11/18, at 4-7. The trial court denied the Motion on November 13, 2018.

On March 14, 2019, Watson entered a plea of *nolo contendere*, pursuant to a plea agreement. The trial court sentenced him to time served to 23 months, 29 days in prison, and he was immediately paroled.[3] Watson filed a timely post-sentence Motion to modify his sentence, arguing that his sentence was excessive given his plea. The trial court denied his Motion, and this timely appeal followed.

Watson raises, as his sole issue, "[whether] the sentence imposed by the [trial] court was excessive[.]" Brief for Appellant at 3. Watson challenges the discretionary aspects of his sentence. Watson claims that the sentence he received was outside the aggravated range of the sentencing guidelines. *Id.* at 9. He argues that the 265 days in prison served prior to his sentencing

---

[2] **See** 18 Pa.C.S.A. § 4910(1); 5104; 5121(a); 35 P.S. §§ 780-113(a)(31), (32).

[3] Watson's bail was previously revoked on July 2, 2018, following an unrelated arrest in New York. On October 30, 2018, Watson filed a Motion to reinstate his bail for the instant offenses, which the trial court denied.

far exceeds the aggravated range, and the trial court failed to consider Watson's prior record score, background, and time served in calculating its maximum sentence. *Id.* at 11-12.

We approach Watson's argument mindful that the right to appeal a challenge to the discretionary aspects of a sentence is not absolute. *Commonwealth v. Williams*, 787 A.2d 1085, 1087 (Pa. Super. 2001).

> [T]o reach the merits of a discretionary sentencing issue, we must determine: (1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect, [*s*]*ee* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 1087-88 (citation omitted).

Watson's brief substantially complies with the first three requirements.[4] Therefore, we will determine whether there is a substantial question requiring us to review the discretionary aspects of his sentence.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526,

---

[4] Watson's brief does not include a separate concise statement pursuant to Pa.R.A.P. 2119(f). Instead, Watson incorporates his concise statement into the argument section, and attaches the sentencing guideline forms "to satisfy [the Rule 2119(f)] requirement." Brief for Appellant at 9. Because the Commonwealth has not objected to the Rule 2119(f) statement, we will proceed to determine whether there exists a substantial question. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (explaining that this Court may ignore the omission of a Rule 2119(f) statement, and proceed to the substantial question analysis, when the appellee does not object to the omission).

533 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017). Merely claiming that a sentence is excessive or unreasonable does not raise a substantial question. *Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

Watson's claim fails to raise a substantial question. Here, as Watson recognizes, the negotiated plea agreement provided for a minimum sentence of time served, which the trial court imposed, while the maximum sentence was left to the trial court's discretion. *See* Brief for Appellant at 11-12; *see also* N.T., 5/13/19, at 3 (wherein Watson's counsel states that the plea agreement calls for a minimum of time served, and requests for the trial court to follow the plea agreement and impose a short tail). As a result, Watson has not raised a substantial question. *See Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994) (holding that an appellant has no authority to challenge the discretionary aspects of an imposed sentence when a plea agreement includes a negotiated sentence accepted and imposed by the sentencing court); *Commonwealth v. Moser*, 999 A.2d 602, 606 (Pa. Super. 2010) (stating that "a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction[.]").

Additionally, Watson's maximum sentence of 23 months, 29 days falls within the statutory maximum. *See* 18 Pa.C.S.A. § 4910 (1) (stating that tampering with evidence is a misdemeanor of the second degree); 18 Pa.C.S.A. § 106(b)(7) (stating that the maximum sentence for a misdemeanor of the second degree is two years); *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (explaining that "[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines."). Accordingly, Watson has not raised a substantial question, and we cannot grant him relief on his claim.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2020

---

[5] Furthermore, the trial court had the benefit of a pre-sentence investigation report, heard Watson's testimony during the omnibus pre-trial hearing, and stated its reasons for imposing its sentence on the record. *See* N.T., 5/13/19, at 3-5, 7-8; *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that, when the sentencing court had the benefit of a pre-sentence investigation report, "[this Court] assume[s] the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." (internal quotations omitted)).