J-S65042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN DELANEY, | : | |
| | : | |
| Appellant | : | No. 1627 EDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0004378-2016

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 16, 2017**

Shawn Delaney ("Delaney") appeals from the judgment of sentence imposed following his guilty plea to two counts of aggravated assault and one count each of discharge of a firearm in an occupied structure and possessing an instrument of crime. *See* 18 Pa.C.S.A. §§ 2702(a)(2), 2707.1(a), 907(a). Additionally, J. Anthony Foltz, Esquire ("Attorney Foltz"), has filed an Application to Withdraw as counsel, and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We grant Attorney Foltz's Application to Withdraw, and affirm the judgment of sentence.

On May 26, 2016, at approximately 6:18 p.m., the Springfield Township Police Department responded to a home at 90 Hillview Drive in Springfield Township, Delaware County, following reports of shotgun blasts. The police encountered Judith Delaney, Delaney's wife, who informed the police that Delaney was intoxicated and possessed a shotgun. The police set up a

perimeter around the home and attempted to establish crisis negotiations with Delaney. Delaney fired two shots in the direction of the police officers. Delaney also repeatedly told the officers to shoot him. Following the failure to negotiate with Delaney, the police inserted a tactical robot into the home. At approximately 9:15 p.m., the police observed Delaney passed out on his bed and subsequently took him into custody.

Delaney was charged with a host of crimes. On February 10, 2017, Delaney entered an open guilty plea to the above-mentioned crimes. The trial court sentenced Delaney to an aggregate sentence of 12 to 24 years in prison, followed by six years of probation. Delaney filed a timely Notice of Appeal. The trial court ordered Delaney to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).[1] In response, Attorney Foltz stated that he intended to file an *Anders* brief.

Before addressing Delaney's issue on appeal, we must determine whether Attorney Foltz has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. Pursuant to *Anders*,

---

[1] Following the filing of the Notice of Appeal and the entry of the Concise Statement Order, Delaney, while still counseled, filed a *pro se* Petition pursuant to the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. It is well-settled that a PCRA petition may not be filed while a direct appeal in the same case is pending. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000); *see also Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (noting that *pro se* filings by a defendant, who at the time of filing is represented by counsel, are considered legal nullities).

when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1)  petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.  The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).  Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that Attorney Foltz has substantially complied with each of the requirements of *Anders* and *Santiago*.  *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*).  Attorney Foltz

indicates that he made a conscientious examination of the record and determined that an appeal would be wholly frivolous. Further, Attorney Foltz's *Anders* brief comports with the requirements set forth in *Santiago*. Finally, the record contains a copy of the letter that Attorney Foltz sent to Delaney, advising him of Attorney Foltz's intention to seek permission to withdraw, his right to proceed *pro se* or retain alternate counsel, and file additional claims. Thus, Attorney Foltz has complied with the procedural requirement for withdrawing from representation. We next examine the record and make an independent determination of whether Delaney's appeal is, in fact, wholly frivolous.

Attorney Foltz has filed a brief pursuant to *Anders* that raises the following question for our review: "Did the trial court err in imposing such a severe sentence on [] Delaney under the circumstances?" *Anders* Brief at 3.[2]

Initially, Delaney challenges the discretionary aspects of his sentence.[3] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filled a timely notice of appeal, *see*

_____

[2] Delaney did not file a *pro se* brief or retain alternate counsel.

[3] Because Delaney entered an open guilty plea, his plea did not preclude a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\*\*\*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Delaney filed a timely Notice of Appeal. However, he did not raise his sentencing claim at the sentencing hearing or in a post-sentence motion to modify the sentence. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing … operates to waive issues relating to the discretionary aspects of sentencing."); *see also Commonwealth v. Williams*, 787 A.2d 1085, 1088 (Pa. Super. 2010) (stating that claims challenging discretionary aspects of sentencing are waived when the sentencing judge is not afforded the opportunity to reconsider or modify the

sentence though a post-sentence motion or an objection at sentencing).[4] Thus, Delaney's claim is not preserved for our review.

Regardless of this defect, *Anders* requires that we examine the merits of Delaney's claim to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon Attorney Foltz's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an *Anders* brief must be addressed on appeal, despite the fact that the claim was not properly presented so as to determine whether counsel is entitled to withdraw); *see also Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an *Anders* brief, this Court will review discretionary aspects of sentencing claims that were otherwise not properly preserved). Thus, we will review Delaney's sentencing claim.

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

---

[4] Although Delaney failed to include a Rule 2119(f) statement in his brief, the Commonwealth did not object to this defect. *See Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003) (noting that "[a]n appellant's failure to comply with Rule 2119(f) may be waived if the Commonwealth does not object to the defect.").

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

Delaney asserts that the trial court imposed a harsh sentence. *Anders* Brief at 8. Delaney claims that the trial court should have imposed a lesser sentence based upon his mental illness, the physical abuse he had suffered, the recent death of his daughter and the fact that he was suicidal, not homicidal. *Id.*

Here, in imposing sentence, the trial court reviewed a pre-sentencing investigation report. *See* N.T., 4/13/17, at 8, 27, 29. Where the sentencing judge is informed by a pre-sentencing investigation report, it is presumed that they were aware of the all relevant sentencing factors and weighed all mitigating statutory factors. *See Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted). The trial court considered the fact that Delaney was the victim of abuse from his mother, father, step-father, and brothers as a child. N.T., 4/13/17, at 11. The trial court also considered the fact that Delaney was diagnosed with post-traumatic stress disorder with major depression; he was involuntarily committed to a mental institution; he self-medicated with alcohol

and drugs; he was remorseful about the incident; his prior work history; and the death of his daughter from a drug overdose. *Id.* at 9, 11, 12, 27-28, 30; *see also id.* at 25 (wherein Delaney indicated he was sorry about the incident). The trial court additionally took into consideration Delaney's extensive prior criminal history, Delaney's impact on the community, and the statements of the police officers that responded to the scene. *Id.* at 13-23, 29-30. Thereafter, the trial court imposed the above-mentioned sentence. *Id.* at 31. Based upon the foregoing, we discern no abuse of the sentencing court's discretion in imposing the sentence. *See Ventura*, *supra*; *Flower*, *supra*.

Further, our independent review discloses no other non-frivolous issues that Delaney could raise on appeal. Accordingly, we grant Attorney Foltz's Application to Withdraw and affirm Delaney's judgment of sentence.

Application to Withdraw granted; judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017

- 8 -